WEIERMAN et al. v. SHAW STOCKING CO.

(Circuit Court of Appeals, Third Circuit. December 16, 1907.)

No. 32.

PATENTS—INVENTION—STOCKING.
   The Shaw patent, No. 460,037, claim 2, for a seamless stocking having a divided foot, one part knit with one yarn or set of yarns, and the other with a different yarn or set of yarns, with the edges reciprocally interlooped, is void for lack of patentable invention in view of the prior art.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 154 Fed. 67.

Henry N. Paul, Jr., and Joseph C. Fraley, for appellants. W. K. Richardson, for appellee.

Before DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

DALLAS, Circuit Judge. This is an appeal from a decree for the complainant (154 Fed. 67) in a suit upon patent No. 460,037, dated September 22, 1891, issued to Benjamin F. Shaw for (as stated in the specification) an invention having for its object "the production of a novel stocking by novel method of knitting," and the claim alleged to have been infringed is as follows:

"2. A stocking having the top or upper part of its foot composed of one yarn or set of yarns and the bottom or sole part of the foot composed of another and distinct yarn or set of yarns, the said upper and sole parts being united in the form of a tube by the reciprocal interloopment of the loops of

the opposed edges of said upper and sole at the sides of the foot, substantially as described."

The opinion below was prefaced with this statement:

"The usual defenses are made that the device has been anticipated, and that it is not infringed. It is also suggested that there is nothing patentably inventive in it, but apparently not with the same confidence."

Now, however, the appellant's counsel explain that the lack of patentability of the subject-matter of this claim has always been foremost in the presentation of the defense, and that the omission to fully argue the point was not due to any want of confidence in it, but to their having mistakenly understood that its further discussion was not desired by the court. Thus it happened that the learned judge (as appears further on in his opinion) found himself called upon to consider, "although little argued, * * * the most serious arraignment of the patent; * * * that, outside of the method specified, it shows nothing patentably inventive." But this court is at no such disadvantage, for we have had the benefit of an argument upon the subject, which, on both sides, has been more than commonly helpful.

There has been some question as to what constitutes a "split-foot stocking," but the view of the learned judge below that what Shaw proposed was to "knit the top of the foot of one yarn and the bottom of another, interlooping the edges," may be accepted without critical examination; and there can be no doubt that he was right in holding that "the seamless idea was not new," and "neither was the split-foot, whether confined to an undyed sole, as understood in the trade or including everything in which the sole and upper are different." But he further held (and in this we cannot concur) that, because "the same cannot be said of the two together," the patentee, by uniting them in one stocking, produced an article which was itself an invention. Shaw said that he desired "to improve seamless stockings," and that to this end he had "devised a method of knitting," and, if he did devise a method by which (among other things) "the top of the foot may be made to differ from the sole of the foot," his right to a monopoly of that method need not be questioned. But if it be likewise conceded, as it may be, that the product which he claimed was a seamless stocking with a divided foot, yet, as neither of these features was new, and the mere conception that they might be associated was not patentable, it results (as respects claim 2) that whatever there may have been of invention in what he did must have resided, if anywhere, in the designated "reciprocal interloopment of the loops of the opposed edges"; and that this was not new seems to have been recognized by the expert witness for the complainant, who, upon cross-examination, testified that, as he understood the term "reciprocal interloopment" as employed in the claim in suit, it would include the "suture" in other stockings which admittedly belonged to the prior art. Moreover, we fully agree with the learned judge below that "the particular method of interloopment described under the designation of reciprocal * * * is plainly not of the substance of the invention," or, rather, as we would state it, is not a substantial part of the stocking itself, but really pertains to the process of making it.

157 F.—59

The decree of the Circuit Court is reversed, and the cause will be remanded to that court, with direction to enter a decree dismissing the bill, with costs.