KILBOURN KNITTING MACH. CO. v. LIVERIGHT & DAVIDSON.

(Circuit Court, E. D. Pennsylvania. February 24, 1908.)

No. 17.

PATENTS—SEAMLESS LACE-FRONT STOCKING—NONPATENTABLE ABSTRACTION.

The Blood patent, No. 743,231, claims 3 and 4, being for the mere conception or idea of a machine-knit seamless single-feed stocking having open or lace-work meshes on the front of the leg and foot, to say nothing of its being merely a putting together of old features, is an abstraction, which is not patentable.

In Equity. Suit for infringement of letters patent, No. 743,231 for a stocking granted to George Blood, Jr., November 3, 1903. On final hearing.

L. P. Whitaker and Hector T. Fenton, for complainants.
Frank S. Busser and George J. Harding, for respondents.

ARCHBALD, District Judge.* The patent in suit is for a seamless stocking, ornamented with open or lace work effect on the front of the

*Specially assigned.

leg and foot, and knit in a single continuous operation. The claims relied on are as follows:

"3. A machine-knit seamless stocking having open or lace-work meshes upon the leg of the stocking and down upon the front of the ankle and top of the foot of the stocking, the heel, foot, and toe of the stocking being knit from a single thread, substantially as described.

"4. A machine-knit seamless stocking knit from a single thread in one continuous operation, the said stocking having lace-work upon the front of the leg of the stocking, said lace-work extending down upon the ankle and top of the foot of the stocking, substantially as described."

It is not necessary to differentiate between these claims, bearing as this does merely on the question of infringement, the case being otherwise disposed of. Patentably considered, the stocking structure, which is so declared for, cannot be distinguished from the so-called seamless, split-foot stocking, passed upon in the case of the Shaw Stocking Co. v. Weirman & Sarfert (C. C.) 154 Fed. 67, which was sustained by this court, but on appeal was held to be invalid. 157 Fed. 928. The claim which was there involved, which will show the similarity of the two, is reproduced in the margin.† Both stockings, as it will be seen, have the seamless feature, which was not new in either, and neither is the open work lace effect, which is found here, which in one form or another has been long known and practiced in the stocking art. As therefore there was nothing patentable in the Shaw Case, in the conception of combining the seamless and the split-foot ideas, which were both old, so neither is there anything patentable here, in bringing together in a single stocking structure the seamless and the lace work effect which are in the same position.

It is said, however, that the invention calls for this being done in a machine-knit stocking—leg, heel, foot, and toe—in a continuous operation, and, in one form at least, with a single thread, involving a knitting problem which the patentee alone has mastered. But the same thing was urged in the Shaw Case, it being claimed that the combined seamless, split-foot construction was only possible by the course marked out in the patent; but that did not save it. It is to be noted, as to this, that the invention, there as here, is not for a new knitting process, however the specifications may explain the method pursued by the inventor to carry out his conception. Nor yet for the manufactured article produced thereby or by a machine which has been devised to realize it. But for a stocking of the structural character indicated, having the features specified, however produced, saving only that it is machine knit, thus monopolizing the whole field, and leaving no room for anyone else to accomplish the same result by another method, however novel, as the present charge of infringement abundantly demonstrates. Or in other words, the patent is for the mere idea or conception, of a machine-knit, seamless, lace-front, single-feed stocking, which as an ab-

† "2. A stocking having the top or upper part of its foot composed of one yarn or set of yarns and the bottom or sole part of the foot composed of another and distinct yarn or set of yarns, the said upper and sole parts being united in the form of a tube by the reciprocal interloopments of the loops of the opposed edges of said upper and sole at the sides of the foot, substantially as described."

straction—to say nothing of its being merely a putting together of old features—is not patentable. Admittedly, a design patent, which it approximates, would not be good for such a stocking, for the simple reason, as confessed by counsel, that it would not be new, aside from its being confined to its own particular ornamentation. But if that be so, then surely the broad conception, covering a stocking of this general character, cannot be any more so, simply because it is put forward as an article of manufacture. Without, therefore, going into any of the other questions raised, the claims of the patent involved must be declared void for want of anything patentable to sustain them.

The bill will be dismissed, with costs.